793 F.2d 1292
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
KAUFMAN and BROAD, INC., a Maryland Corporation, KAUFMAN and
BROAD HOME, INC., a Michigan corporation,
Plaintiffs-Appellants,
v.
TRANSPORTATION INSURANCE COMPANY an Illinois Corporation;
CONTINENTAL CASUALTY COMPANY; CNA CASUALTY OF
CALIFORNIA, Defendants-Appellees.
 84-1714
 United States Court of Appeals, Sixth Circuit.
 5/14/86
 
 AFFIRMED
 E.D.Mich.
 On Appeal From The United States District Court for the Eastern District of Michigan
 BEFORE: KEITH and MARTIN, Circuit Judges; and WEICK, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Plaintiffs Kaufman and Broad, Inc. and Kaufman and Broad Homes, Inc. appeal from a district court order granting summary judgment to defendants Transportation Insurance Company, Continental Casualty Company and CNA Casualty of California. We affirm for the following reasons.
 
 
 2
 The parties dispute the insurance coverage provided by a comprehensive general liability insurance policy and an umbrella third party liability policy issued by the defendants to the plaintiffs. Defendants refused to defend or pay proceeds for defective materials claims or faulty workmanship claims brought against the plaintiffs by purchasers of homes built by plaintiffs. Plaintiffs retained counsel to defend the homeowner suits and commenced this action for declaratory judgment that the insurance policies required defendants to cover the property damage claimed in the homeowner actions, defend the third party claims and reimburse plaintiffs' defense costs. After finding that plaintiffs' mass-produced homes constituted a 'product,' the district court determined that under the policy, Exclusion (n) exempted defendants from liability for property damage to plaintiffs' 'products arising out of such products or any part of such products.' Amended Joint Appendix at 103-106.
 
 
 3
 On appeal, plaintiffs argue that amendments to the insurance policy override Exclusion (n) and other exclusion provisions and create an ambiguity over the coverage provided, precluding summary judgment. We do not agree. In our view, none of the amendments extends policy coverage to property damage from the faulty workmanship and defective materials in plaintiffs' mass produced homes.
 
 
 4
 Plaintiffs first argue that the district court failed to consider an amendment to the policy entitled Endorsement 4, which in their view expressly provides coverage for property damage by defective work performed on behalf of the named insured and overrides Exclusion (o). However, this is not a permissible interpretation of Endorsement 4. The endorsement provides for deductible liability insurance. It states that under the policy defendants are only obligated to pay damages in excess of a $25,000 deductible per occurrence 'of damage to work performed on behalf of the name insured.' Amended Jt. App. at 175. The provision's reference to subcontractor work creates no additional liability for defendants or insurance coverage. Condition 3 of Endorsement 4 specifically states that the terms of the policy, including those covering the defendants' rights and duties to defend suits and the insured's duties, are not modified by this provision for deductible amounts. Id. Moreover, unlike other policy endorsements which nullify previous provisions or expand coverage, Endorsement 4 fails to expressly state which terms of the policy it amends or deletes, what additional coverage is provided or the annual minimum premium for the new coverage. See e.g. Amended Jt. App. at 171, 176, 180-183. We agree with the district court that reliance on Exclusion (n) and (o) was proper.
 
 
 5
 Even assuming Endorsement (4) amended Exclusion (o) to include product liability for subcontractor work, the other exclusions in the policy still apply and preclude a finding of liability. Weedo v. Stone-E-Brick, Inc., 81 N.J. 233, 405 A.2d 788 (1979). Finally, subsequent language in Endorsement 22 provides that coverage of property damage to work performed on behalf of plaintiff is limited to damage resulting from 'the sudden and accidental physical injury to or destruction of the work.' Amended Jt. App. at 199. Thus Endorsement 22 clearly precludes coverage for subcontractor work damaged as a result of poor workmanship and defective materials.
 
 
 6
 Plaintiffs next contend the district court erred in finding that its mass produced homes constitute a product within the meaning of product liability exclusions in comprehensive general liability policies like the policy at issue here. We do not agree. Recent California cases hold to the contrary. See Western Employers Insurance Co. v. Arciero & Sons, Inc., 146 Cal. App. 3d 1027, 194 Cal. Rptr. 688 (Cal. Ct. App. 1983). Central Mutual Insurance Co. v. Del. Mar Beach Club Owners Ass'n., 123 Cal. App. 3d 916, 176 Cal. Rptr. 895 (Cal. Ct. App. 1981). The district court did not err in granting summary judgment to defendants as the policy excludes coverage of business risks. Under California law, damage resulting from faulty workmanship or defective materials is not covered:
 
 
 7
 However, damage inherent in defective workmanship and materials has been considered to be direct damage for which no coverage was intended, because, as the court in Rafeiro v. American Employers' Ins. Co., supra, 5 Cal. App. 3d 799, 808, 85 Cal. Rptr. 701 stated, 'the insurance furnished, unlike malpractice insurance, was not intended to indemnify the contractor (and through him the owner) for direct damages resulting because the contractor furnished defective materials or workmanship. [Citation.]'
 
 
 8
 Economy Lumber of Oakland v. Insurance Company of North America, 157 Cal. App. 3d 641, 204 Cal. Rptr. 135, 140 (Cal. Ct. App. 1984).
 
 
 9
 Accordingly, the district court judgment is affirmed.